# Frickman v. Wunder.

Where the Constable makes a personal service, but fails to hand the defendant a true and attested copy of the writ, a judgment entered without the appearance of the defendant will be reversed.

SERVICE OF SUMMONS—ACT OF JULY 9, 1901, P. L. 614, SECTIONS 1 AND 16—DESIGNATION OF LOCATION OF OFFICE OF A JUSTICE.

Certiorari.

No. 90, December Term, 1902, C. P. of Montgomery Co.

A. R. Place, Esq., Attorney for H. E. Wunder, Plaintiff in error.

Opinion by SWARTZ, P. J.

## STATEMENT OF FACTS:

The return of the Constable endorsed upon the writ, was as follows:

"Served personally on defendant, by producing to him the original summons and informing him of the contents thereof this 8th day of November, 1902."

Frickman v. Wunder.

The summons did not indicate where the office of the Justice was located. It simply designated Springhouse as the place where the defendant was to appear.

Exceptions filed upon the part of the plaintiff in error:

1.   The record shows that the summons in said suit was not served according to law, and in accordance with the Act of July 9, 1901, P. L. 614, Sec. 1 and 16, by reason of which the said Justice had no jurisdiction.

2.   The record does not show when the bill of goods, sold and delivered, was contracted for, whether within six years last past or not.

3.   The record does not show, nor does the summons show where the office of the Justice of the Peace is located with sufficient clearness, so as to enable the defendant below and plaintiff in error to appear before the said Justice.

4.   The suit is incorrectly brought against H. E. Wunder, the true name of plaintiff below and defendant in error being H. G. Wunder.

## OPINION.

The Constable made a personal service, but failed to hand the defendant a true and attested copy of the writ. Judgment was entered without an appearance by the defendant. The service was defective and the Justice had no jurisdiction over the defendant; Corson v. Sullivan, 18 Montg. Law Reporter, 198. The writ that was served upon the defendant commanded him to appear before the Justice at "Springhouse." The designation of the office location of the Justice is not very clear or explicit. "Spring house," however, is the name of a postoffice, and if the defendant had called at that point, no doubt he would have found the office of the Justice without any inconvenience. As the first exception must be sustained, it is unnecessary to pass upon any other.

And now, February 5, 1903, the first exception is sustained, and the judgment is reversed.